IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL JASON WARD,<br><br>    Plaintiff,<br><br>  vs.<br><br>BENEFIS HOSPITAL EAST, DR. PAUL JOHNSON, DR. STACY HERMILLER, PLANNED PARENTING–C.C.D.C. NP KATHY JORGENSEN,<br><br>    Defendants. | CV 17-00102-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Daniel Ward, a prisoner proceeding without counsel filed a Complaint (Doc. 2) alleging he was denied proper medical care while incarcerated at the Cascade County Detention Center. On March 2, 2018, the Court issued an Order finding that Mr. Ward had not set forth a sufficient basis for federal jurisdiction in this matter. The Court instructed Mr. Ward that if he intended to pursue this matter under diversity jurisdiction, he must indicate his state of citizenship. If he intended to pursue this matter under federal question jurisdiction, he was required to provide additional facts to establish federal claims for relief. He was required to file an amended complaint on or before March 30, 2018. (Doc. 9.) He failed to do so.

1

The Court is bound to raise jurisdictional issues sua sponte, and to dismiss the complaint if jurisdiction is lacking. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). The complaint is required to include a "short and plain statement of the grounds for the court's jurisdiction . . . " Fed. R. Civ. P. 8. Mr. Ward has the burden of establishing jurisdiction. *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778–779 (9th Cir. 2000).

For the reasons set forth in the Court's March 2, 2018 Order (Doc. 9), the Court finds that Mr. Ward has failed to establish jurisdiction, and therefore issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ward may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of April, 2018.

                                       */s/ John Johnston*
                                       John Johnston
                                       United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Ward is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.